UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL OAKS DESIGN INC., | |
| Plaintiff | CIVIL ACTION NO. 1:23-CV-01205 |
| v. | (MEHALCHICK, J.) |
| BON TON BUILDERS, et al., | |
| Defendant | |

**MEMORANDUM**

Plaintiff Kieran Joseph Liebl, Inc. d/b/a Royal Oaks Design, Inc. ("Royal Oaks") initiated this action against Defendants Bon Ton Builders, Inc. and Tony R. Forbes (collectively, "Defendants") by filing a complaint on July 20, 2023. (Doc. 1). On January 23, 2024, Royal Oaks filed the operative amended complaint. (Doc. 39). Therein, Royal Oaks alleges claims for copyright infringement and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. (Doc. 39). Before the Court is a Motion to Strike Certain Affirmative Defenses and a letter requesting discovery be compelled and sanctions be imposed against Defendants, each filed by Royal Oaks. (Doc. 49; Doc. 55). For the following reasons, Royal Oaks' motion to strike will be **GRANTED in part** and **DENIED in part**. (Doc. 49). Royal Oaks' motion to compel and for sanctions will also be **GRANTED in part** and **DENIED in part**. (Doc. 55).

I. **LEGAL STANDARDS**

   A. **MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation,

and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* 2008 WL 2758238, at *14 (E.D. Pa. 2008) (internal quotation marks omitted). Motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale,* 2008 WL 2758238, at *14 (quoting *River Road Devel. Corp. v. Carlson Corp.,* Civ. A. No. 89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. CIV.A. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

B. MOTION FOR SANCTIONS

Royal Oaks seeks sanctions pursuant Federal Rule of Civil Procedure 37(a)(5)(A). (Doc. 55, at 5-6). In pertinent part, Rule 37(a)(5) provides:

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted ... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

....

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

2

Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

The party moving for sanctions under Rule 37 has the burden of showing that its claim for fees and costs is reasonable. *See ASD Specialty Healthcare, Inc. v. New Life Home Care, Inc.*, No. 11–CV–0068, 2013 WL 1482777, at *7 (M.D. Pa. April 10, 2013) (applying Fed. R. Civ. P. 37(b)(2)(C)); *see also LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-CV-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015). The nonmoving party has the burden of showing that its response or objection to the challenged discovery was substantially justified or that other circumstances make an award of expenses unjust. *Johnson v. Federal Express Corp.*, No. 12–CV–444, 2014 WL 65761, at *1 (M.D. Pa. Jan. 8, 2014) (applying Fed. R. Civ. P. 37(c)(1); *LightStyles*, 2015 WL 4078826, at *2. "A party is substantially justified in failing to make required discovery when a reasonable person is 'satisf[ied] … that parties could differ as to whether the party was required to comply with the disclosure request.'" *LightStyles*, 2015 WL 4078826, at *2 (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002)). "The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance." *Tolerico*, 205 F.R.D. at 175–76.

  C. M<small>OTION TO</small> C<small>OMPEL</small>

Rulings regarding the proper scope of discovery are matters consigned to the Court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1)

Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a party to comply with discovery obligations and specifically provides that:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Phila. Housing Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). "Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Prime Energy & Chem., LLC v. Tucker Arensber P.C.,* No. 2:18-CV-0345, 2022 WL 1642394, at *4 (W.D. Pa. May 24, 2022) (quoting *In re Urethane Antitrust Litig.,* 261 F.R.D. 570, 573 (D. Kan. 2009)).

II.   **DISCUSSION**

   A.   <u>ROYAL OAKS' MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES</u>

Royal Oaks moves to strike Defendants' First, Second, Fourth, Fifth Sixth, Ninth, Tenth, and Eleventh Affirmative Defenses as pled in their Answer to the Amended Complaint. (Doc. 50, at 2). "While 'motions to strike are generally viewed with disfavor . . . a motion to strike under Rule 12(f) is the 'primary procedure' for objecting to an insufficient affirmative defense.'" *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015) (quoting *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989)). "The Third Circuit has not yet considered whether the *Twombly* and *Iqbal* decisions affect the pleading requirements for affirmative defenses" however "[t]he consensus of district courts in this circuit is that the heightened pleading standard under *Twombly* and *Iqbal* does not apply to such defenses." *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 438 (M.D. Pa. 2018). "Rule 8 provides that a party must merely state, not show, an affirmative defense." *Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011). An affirmative defense may be stricken if it does not provide a plaintiff with fair notice of the grounds for the defense. *Mifflinburg Tel., Inc.*, 80 F. Supp. 3d at 573. "'[S]tating an affirmative defense provides 'fair notice' without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations in the litigation." *Mifflinburg Tel., Inc.*, 80 F. Supp. 3d at 574; s*ee also Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 104 (M.D. Pa. 2016). Accordingly, "[a] party facing a motion to strike an affirmative defense can 'satisfy the fair notice requirement by including a short and plain statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit or refer to general facts elsewhere in any parties' pleadings.'" *Balon*, 316 F.R.D. at 104 (quoting *Mifflinburg Tel., Inc.*, 80 F. Supp. 3d at 574). "If notice pleading has been provided, the only reason to grant the motion to strike is if the Court finds the

affirmative defense fails as a matter of law." *Malibu Media, LLC v. Does 1*, No. CIV.A. 12-2078, 2013 WL 1702549, at *3 (E.D. Pa. Mar. 6, 2013) (citing *Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F. Supp. 19, 22 (E.D. Pa. 1992) ("[T]he court may grant a motion to strike a legally insufficient defense so the parties to the suit do not needlessly waste time and money in preparation of trial.").

1. **Defendants' First and Ninth Affirmative Defenses**

In their First Affirmative Defense, Defendants asserts: "[t]he alleged copyrighted works lack originality and are substantially similar to the work of other individuals or entities or some prior work in the public domain." (Doc. 47, at 23). In their Ninth Affirmative Defense, Defendants assert "the 'copyrighted works' are not original within the meaning of the Copyright Act or DMCA." (Doc. 47, at 24). Royal Oaks avers "[t]he only conceivably articulated basis for Defendants' first and ninth affirmative defense—the purported existence of similar works—has been consistently rejected by the Supreme Court for over a century." (Doc. 50, at 8). Citing an Eastern District of Pennsylvania case, Defendants respond that in a copyright action, "[a] defendant may rebut the presumed validity of plaintiff['s] registration by showing that the subject of the copyright lacks originality." (Doc. 53, at 4) (citing *Don Post Studios. Inc. v. Cinema Secrets. Inc.*, 124 F. Supp. 2d 311, 315 (E.D. Pa. 2000)). Thus, according to Defendants, these defenses should not be stricken because they put Plaintiff squarely on notice of how their copyright claims may be defeated if discovery reveals such evidence. (Doc. 53, at 5). The Court agrees with Defendants.

"One way for a defendant to rebut the presumed validity of a plaintiff's copyright registration is to show that the work lacks originality." *AFG Media Ltd. v. Poptrend-Off.*, No. 2:23-CV-1840, 2023 WL 9023415, at *5 (W.D. Pa. Dec. 29, 2023). Only "original works" are

eligible for copyright protection. 17 U.S.C. § 102(a). "In order to satisfy the 'original works' requirement, a work must be original in the sense that it was not copied from another's work and in the sense that it shows creativity ('the creativity requirement')." *Southco, Inc. v. Kanebridge Corp.*, 390 F.3d 276, 281 (3d Cir. 2004); *see also Pyrotechnics Mgmt., Inc. v. XFX Pyrotechnics LLC*, 38 F.4th 331, 339 (3d Cir. 2022)*; see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991) ("Original, as the term is used in copyright, means only that the work was independently created by the author ... and that it possesses at least some minimal degree of creativity."). "Originality does not require novelty; an original work may be one that 'closely resembles other works so long as the similarity is fortuitous, not the result of copying.'" *AFG Media Ltd.,* 2023 WL 9023415, at *5 (quoting *Feist Publ'ns, Inc.*, 499 U.S. at 345).

The Court finds Defendants' First and Ninth affirmative defenses are sufficient to put Royal Oaks on notice of the existence of a triable issue. Defendants may defend themselves against Royal Oaks' copyright claims by arguing the allegedly copyrighted materials were not created by Royal Oaks and that they do not possess "at least some minimal degree of creativity." *AFG Media Ltd.,* 2023 WL 9023415, at *5 ; *see also Feist Publ'ns, Inc.*, 499 U.S. at 345*.* In other words, that they lack originality in such a way that Defendants are able to rebut the presumed validity of a Royal Oaks' copyright registration. *Feist Publ'ns, Inc.*, 499 U.S. at 345-36 (1991). Accordingly, Royal Oaks' motion is **DENIED** as to Defendants' First and Ninth Affirmative Defenses.

### 2. Defendants' Second Affirmative Defense

Defendants' Second Affirmative Defense asserts that Royal Oaks "may have omitted crucial information or submitted incorrect information in its registration application sufficient

to cause the invalidity of the alleged copyrighted work." (Doc. 47, at 23; Doc. 50, at 8). According to Royal Oaks, this defense is both conclusory and legally incognizable. (Doc. 50, at 8). Defendants counter that, assuming *arguendo* Royal Oaks does have a valid copyright claim, their second affirmative defense puts Royal Oaks on notice that the alleged copyrights may be invalid for failure to submit correct information in the copyright registrations. (Doc. 53, at 5). As Defendants see it "[t]his defense clearly relates to the subject matter of this lawsuit and does not require any additional information to be pleaded." (Doc. 53, at 5-6).

A mistake or omission in the copyright registration process may invalidate a copyright if the inaccurate information was included with the knowledge that it was inaccurate. *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 185 (2022); 17 U.S.C. § 411. When a defendant challenges a copyright registration on this basis, the Court must seek advisory from the Register of Copyrights to determine whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b)(2). Defendants' Second Affirmative Defense puts Royal Oaks on notice that they will be investigating whether Royal Oaks knowingly omitted material information in their copyright registration such that the copyright should be invalidated. (Doc. 47, at 23). Accordingly, the Court will not strike Defendants' Second Affirmative Defense.

While Defendants did not support their inclusion of this affirmative defense with detailed factual allegations, they were not required to do so. *See Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 97 (D.N.J. 2014) ("the heightened *Twombly/Iqbal* standard is not applicable to the pleading of affirmative defenses under Rule 8(c) which simply requires that party responding to a pleading must 'affirmatively state any avoidance or affirmative defense.'" Fed. R. Civ. P. 8(c)); *see also Fed. Deposit Ins. Corp. v. Modular Homes, Inc.*, 859 F.

8

Supp. 117, 120–21 (D.N.J.1994) ("Motions to strike. . . will only be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading). Defendants' Second Affirmative Defense provides more than just a bare bones recital of a potential defense and it has a logical connection to the copyright claims alleged by Royal Oaks. *Compare Gerber*, 80 F. Supp. 3d at 440 (granting plaintiff's motion to strike various affirmative defenses because they were "entirely speculative untethered to the underlying facts or litigation," and had no "factual or logical connection to" the underlying lawsuit) *with Malibu Media*, 2013 WL 1702549, at *4 (denying plaintiff's motion to strike the following affirmative defenses because given the context of the case, the parties were put on notice of the existence of an issue for trial: "Defendant's use of the work in question, if it occurred at all, was a legally protected fair use of the allegedly infringed work" & "Plaintiff's copyrights are invalid and/or unenforceable."). The requisite notice is provided here because Defendants' Second Affirmative Defense alerts Royal Oaks of the existence of an issue to be investigated during discovery and argued at trial. (Doc. 47, at 23); *see Tyco Fire Prod. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011) ("Rule 8 provides that a party must merely state, not show, an affirmative defense."); *see Hadek Protective Sys. B.V. v. Ergon Asphalt & Emulsions, Inc.*, No. CV 2:22-01421, 2023 WL 7002567, at *3 (W.D. Pa. Oct. 24, 2023) (denying a motion to strike an affirmative defense where establishing the defense is dependent on a factual inquiry and requires a developed record). Accordingly, Royal Oaks' motion to strike is **DENIED** as to Defendants' Second Affirmative Defense. Upon the completion of discovery, if it is revealed that Royal Oaks knowingly submitted any inaccurate information to the Register of Copyrights, the Court will comply with its obligation to seek advisement

from the Register of Copyrights to determine whether it would have refused registration based on the misrepresentation or omission. 17 U.S.C. § 411(b)(2).

### 3. Defendants Fourth and Fifth Affirmative Defenses

Addressing Defendants' Fourth and Fifth Affirmative Defenses, Royal Oaks states, "Defendants' Fourth and Fifth Affirmative Defenses [] assert that Defendants did not *intend to harm* Plaintiff or its reputation or goodwill. Those simply are not cognizable affirmative defenses to claims for copyright infringement or violations of the DMCA, and as such should be stricken." (emphasis added) (Doc. 50, at 9-10). Defendants argue that these defenses are necessary to put Royal Oaks on notice that, if they are found to be "innocent infringers," they did not intend any harm or negative impact onto Royal Oaks. (Doc. 57, at 7). Further, Defendants argue that these affirmative defenses are necessary in the face of Royal Oaks' allegation that "Defendants willfully committed copyright infringement." (Doc. 53, at 7).

"The Copyright Act allows a copyright owner whose works are infringed to elect 'to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action.'" *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*, No. 3:10-CV-02513, 2014 WL 7140003, at *3 (M.D. Pa. Dec. 12, 2014) (citing 17 U.S.C. § 504(c)(1)). The default damage award is "a sum of not less than $750 or more than $30,000" per infringement. *Elsevier, Inc.*, 2014 WL 7140003, at *3 (citing 17 U.S.C. § 504(c)(1)). However,

> [i]n a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.
>
> 17 U.S.C. § 504(c)(2).

The statute thus dictates that the damages an "innocent infringer" is subject to pay are much lower than those expected from an intentional infringer. 17 U.S.C. § 504(c)(1-2). Accordingly, while innocent infringement is not a complete defense to copyright infringement liability, a finding of innocent infringement may reduce the amount of recoverable damages in a copyright action.

The Court agrees with Royal Oaks that Defendants' Fourth and Fifth Affirmative Defenses are not cognizable affirmative defenses to claims for copyright infringement and therefore should be stricken. (Doc. 50, at 9-10). Despite Defendants' suggestion otherwise, these defenses do not present a plausible claim that Defendants are innocent infringers. (Doc. 47, at 23). Rather than pleading they did not intend *to infringe*, Defendants have pled they did not intend *any harm*. (Doc. 47, at 23). Whether or not Defendants intended to harm Royal Oaks is inconsequential to this action, as even an intentional infringer may wish no harm unto those they infringe from. Therefore, Defendants' Fourth and Fifth Affirmative Defenses are not recognized as affirmative offenses under the law. As Defendants have failed to point to any caselaw suggesting otherwise, Royal Oaks' motion is **GRANTED** as to Defendants' Fourth and Fifth Affirmative Defenses and the Court will strike these defenses.

**4. Defendants' Sixth Affirmative Defense**

Defendants' Sixth Affirmative Defense states: "Plaintiff may have failed to fully and strictly comply in all respects with the United States Copyright Act of 1976 as amended." (Doc. 47, at 24). Royal Oaks argues:

> Again, this conclusory "defense" tells neither the Court nor ROD what portion of the Copyright Act ROD purportedly has not complied with, nor how that might possibly be a cognizable affirmative defense. Functionally, it is similar to the "any and all additional defenses" averment that was found wanting in *Gerber. See Gerbe*r, 380 F. Supp. at 440. [sic] It should be stricken.

11

(Doc. 50, at 10).

Defendants maintain that their Sixth Affirmative Defense is logically related to this lawsuit and thus should not be stricken. (Doc. 53, at 8). Also, that "[t]o the extent that Plaintiffs failed, in any way, to comply with the formalities of the Copyright Act, that failure may render the copyrights invalid or invalid for a period of time relevant to this lawsuit." (Doc. 53, at 7-8).

Here, the Court will grant Royal Oaks' motion to strike, as Defendants' Sixth Affirmative Defense is overly broad and does not sufficiently put Royal Oaks on notice of which provisions of the United States Copyright Act of 1976 they are alleged to have violated. Given the scope of this statute, the Court agrees with Royal Oaks' argument that Defendants' Sixth Affirmative Defense acts as a general reservation that injects ambiguity into the pleadings. *See Gerber*, 380 F. Supp. 3d at 440 (striking an affirmative defense reserving defendants' right to avail themselves of "any and all additional defenses" as overly broad). Accordingly, Royal Oaks' Motion is **GRANTED** as to Defendants' Sixth Affirmative Defense and the Court will strike this defense.

**5. Defendants' Tenth Affirmative Defense**

Defendants' Tenth Affirmative Defense is as follows: "Plaintiffs [sic] have not suffered any actual loss due to the alleged infringement." (Doc. 4, at 24). Royal Oak states: "This is simply not an affirmative defense to copyright infringement or DMCA § 1202 violations, as no damages need be established for liability or to obtain relief. ROD is entitled to recover infringer profits for copyright infringement even if it proves no actual damages. See 17 U.S.C. § 504(b)." (Doc. 50, at 10-11). Defendants respond:

> In the instant matter, Plaintiff has made a claim for, among other things, Plaintiff's alleged actual damages as a result of its claimed infringement. To the extent that any infringement occurred (which is denied), discovery may reveal

that Plaintiff did not sustain any actual damages at all. To that end, Plaintiff's claim for actual damage would not be legally viable.

(Doc. 53, at 8).

Pursuant to 17 U.S.C.S. § 504, a copyright infringer may be liable to pay for the copyright owner's actual damages. 17 U.S.C.S. § 504(a)(1). Specifically, "the copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C.S. § 504(b).

Neither party cites to any compelling caselaw addressing this issue. Because Defendants' Tenth Affirmative Defense relates to Royal Oaks' ability to recover alleged actual damages, the Court will not strike Defendants' Tenth Affirmative Defense. While this Court agrees with Royal Oaks that it does not need to show any actual damages to obtain relief in this action, Royal Oaks has pled they are entitled to collect the actual damages sustained as a result of Defendants' infringement. (Doc. 39, ¶ 86); 17 U.S.C.A. § 504. Accordingly, Defendants are entitled to mount a defense against paying these actual damages. Royal Oaks' motion is **DENIED** as to Defendants' Tenth Affirmative Defense.

**6. Defendants' Eleventh Affirmative Defense**

Defendants' Eleventh Affirmative Defense reads "[a]ll of some of Plaintiffs claims are barred in whole or in part by the Doctrine of Copyright Misuse." (Doc. 47, at 24). Royal Oaks argues that Defendants' Eleventh Affirmative Defense should be stricken because it "provides absolutely no notice or context of what ROD purportedly did that could possibly rise to the level of copyright misuse." (Doc. 50, at 11). Defendants refute this conclusion, arguing that "[c]opyright misuse is an affirmative defense in the Third Circuit." (Doc. 53, at 8). The Court agrees with Defendants.

The misuse of copyright defense "applies where a copyright holder has engaged in some form of anti-competitive behavior and thereby loses the benefit of the protection of copyright law." *Malibu Media*, 2013 WL 1702549, at *5 (internal citation omitted); *see also Design Basics, LLC v. MTF Assocs., Inc.*, No. 1:17-CV-00031, 2019 WL 1405290, at *5 (M.D. Pa. Mar. 28, 2019). "Misuse is not cause to invalidate the copyright or patent, but instead 'precludes its enforcement during the period of misuse.'" *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 342 F.3d 191, 204 (3d Cir. 2004). Addressing affirmative defenses as conclusive as Defendants', courts in this circuit have denied motions to strike misuse defenses. *See e.g.*, *Malibu Media*, 2013 WL 1702549, at *5 ("While not detailed or specific, this pleading is sufficient to put Malibu on notice of the issue to be raised at trial."); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011) (denying a motion to strike a patent misuse defense where the defendant simply "alleged that [Plaintiff] was enforcing a patent it knew was invalid, unenforceable, and/or not infringed"). The Court concurs with these courts' conclusions that even without a detailed pleading, a claim for misuse puts Royal Oaks on notice of an issue that may be raised at trial. Therefore, Royal Oaks' motion to strike is **DENIED** as to Defendants' Eleventh Affirmative Defense.

B. ROYAL OAKS' MOTION FOR SANCTIONS & TO COMPEL DISCOVERY

Royal Oaks requests that this Court compel discovery and order sanctions in response to two discovery matters they assert Defendants mishandled: (1) Defendants' failure to respond to Royal Oaks' second set of interrogatories, and (2) Defendants' failure to diligently search for and produce responsive documents and ESI. (Doc. 57, at 11). The Court will address each matter in turn.

1. **Royal Oaks' Second Set of Interrogatories**

According to Royal Oaks, Defendants are three months late in responding to their Royal Oaks' Second Set of Interrogatories. (Doc. 57, at 12). Thus, "[s]anctions under Rules 37(a)(5)(A) (fees and expenses) and 37(c)(1)(B) (inform the jury) are [ ] warranted." (Doc. 57, at 11). Defendants respond:

> Plaintiff's Second Set of Interrogatories were served on or about November 28, 2023 simultaneously with Plaintiff's Requests for Admissions. Plaintiff's Second Set of Interrogatories asks only that Defendants identify and explain the reasons why any Requests for Admission were denied and to explain why no additional website analytics have been produced. Defendants answered Plaintiff's Requests for Admissions on December 27, 2023.

(Doc. 58, at 5). Defendants further explain that Royal Oaks has made no objection to Defendants' responses to Royal Oaks' First Request for Admissions and that the Second Set of Interrogatories was "substantively answered" therein. (Doc. 58, at 5-6).

After reviewing the materials in question, the Court concludes that reasonable minds could disagree about whether Defendants were required to answer Royal Oaks' Second Set of Interrogatories. *See LightStyles, Ltd. ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-CV-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015) ("A party is substantially justified in failing to make required discovery when a reasonable person is satisf[ied] ... that parties could differ as to whether the party was required to comply with the disclosure request." (internal quotations omitted)); The Court agrees with Defendants' that this confusion stems from the fact that they were required to provide the similar, if not the same, information in their answers to Royal Oaks' First Request for Admission. The complete second set of interrogatories is as follows:

15

INTERROGATORY NO. 9: For each Request for Admission served by ROD that you have not admitted, explain fully all reasons why you have not admitted it, and identify all evidence that supports your contentions.[1]

INTERROGATORY NO. 10: Explain fully why the few days of BTB Website analytics produced by Adam Atwell on or about October 12, 2023 are the only BTB Website Analytics that have been produced, and why the BTB website backups have not been produced. Include in your answer why the "litigation hold" of website analytics and metadata that counsel for BTB represented was in place as of April 6, 2023 failed to preserve such website analytics, and why the "forensic copy" of website material referenced by BTB's counsel on April 6, 2023 has not been produced.

(Doc. 57-5).

Regarding Interrogatory No. 9, in each of their responses to Royal Oaks' First Request for Admissions, Defendants not only fully answered each request, but also provided detailed explanations for their objections and denials. (Doc. 58-1). In light of these responses, the Court finds Interrogatory No. 9 unreasonably duplicative. (Doc. 57-5; Doc. 58-1). Royal Oaks has "not demonstrated with any specificity that the questions posed by [Interrogatory No. 9] are not already answered" in their Request for Admissions, arguing instead only that Defendants' responses do not fully answer its Interrogatories. (Doc. 60, at 6); *Hocheiser v.*

---

[1] This interrogatory includes the following parenthetical:

(If you have denied a Request for Admission that asks you to admit you have no evidence for a particular proposition, your answer should include an identification of all such evidence. If you have denied a Request for Admission based on a claim that you cannot admit or deny it after reasonable inquiry, your answer should include a description of what your reasonable inquiry consisted of, including when it occurred, what materials were reviewed in such inquiry, and what individuals or companies were consulted or interviewed. If you have denied a Request for Admission based on a contention that any ROD Work or portion thereof is not "original," your answer should include the specific identification of the work you contend ROD copied it from, and the evidence you have that ROD did so.)

(Doc. 57-5, at 6).

16

*Liberty Mut. Ins. Co.*, No. 3:17-CV-6096 FLW-DEA, 2018 WL 6026818, at *5 (D.N.J. Nov. 16, 2018). Pursuant to Fed. R. Civ. P. 26(2)(C)(i), the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative."

Regarding Interrogatory No. 10, Defendants responded to a similar inquiry in their denial of Royal Oaks' Request for Admission No. 4: "Admit that prior to the filing of this lawsuit, no "litigation hold" was implemented by BTB on its website backups or website analytics[.]" (Doc. 58-1, at 4). The Court recognizes, however, that Interrogatory No. 10 does request more targeted information than Royal Oaks' Request for Admissions. (Doc. 57-5; Doc. 58-1). Accordingly, the Court will compel Defendants to respond to Interrogatory No. 10, but not Interrogatory No. 9, which is sufficiently addressed in Royal Oaks' Request for Admissions. Royal Oaks' motion to compel responses to their Second Set of Interrogatories is therefore **GRANTED in part** and **DENIED in part**.

While Royals Oaks has successfully argued at least part of their motion to compel, the Court finds sanctions would not be appropriate here. In essence, Royal Oaks' Second Set of Interrogatories asks for more expansive responses to questions already asked and answered in its Request for Admissions. (Doc. 57-5). Therefore, the Court disagrees with Royal Oaks' assertion that Defendants have needlessly delayed responding to these interrogatories for months and agrees with Defendants that "Plaintiff's argument in support of an order compelling Defendants to provide responses to its Second Set of Interrogatories (and sanctions) completely neglects the substance of Defendants' Answers to Plaintiff's First Request for Admission and instead seeks relief based on nothing more than form." (Doc. 58, at 8). Thus, Royals Oaks' demand for sanctions is **DENIED**. *See Salcedo v. Milton S. Hershey Med. Ctr.*, No. 1:19-CV-02201, 2023 WL 2392040, at *12 (M.D. Pa. Mar. 7, 2023) (denying a

motion for sanctions where "the parties had a genuine dispute regarding the scope of discovery in this case.").

### 2. Defendants' Alleged Failure to Diligently Search For and Produce Responsive Documents And ESI

Royal Oaks asserts that "Defendants have impermissibly delayed disclosing and producing incriminating evidence." (Doc. 57, at 12). This includes "critical, highly incriminating documents" that were allegedly withheld for over six months. (Doc. 57, at 13). Defendants respond that given the timeline of events in this case, Royal Oaks' claim is baseless. (Doc. 58, at 10). According to Defendants, they "engage[d] in a further search for documents responsive to the plaintiffs [sic] request for documents" by hiring an ESI expert to "perform the search with terms provided by Plaintiff" to comply with the Court's February 1, 2024, Order. (Doc. 46; Doc. 58, at 10). The additional documents were then produced with the assistance from the ESI expert. (Doc. 58, at 10). Further, Defendants explain that the vast majority of the 50,000 documents produced have no bearing on this lawsuit and were pulled based on the terms provided by Plaintiff. (Doc. 58, at 11).

The Court finds Defendants have satisfied their burden of showing that their response to Royal Oaks' discovery requests was substantially justified. *Johnson v. Federal Express Corp.*, No. 12–CV–444, 2014 WL 65761, at *1 (M.D. Pa. Jan. 8, 2014). On February 1, 2024, prior to the undersigned being assigned to this case, Judge Bloom Ordered Defendants to engage in "a further search for documents responsive to the plaintiff's requests for documents regarding the Gilligan, Shaul, Pickering-Warren, and Fetters projects. The plaintiff shall provide a list of relevant search terms to the defendants that it believes will aid in producing relevant documents." (Doc. 46, at 2). Based on the parties' briefing, it appears that Defendants' additional production of documents was completed in a timely manner with the

help of a new expert in response to the Court's February 1, 2024 Order and was not the product of senseless delay or, as Royal Oaks sees it, "sanctionable laziness." (Doc. 57, at 14). While the Court acknowledges Royal Oaks' frustration with the lengthy, contentious discovery process in this case, the Court finds compelling Defendants' averment that they recently produced an additional 50,000 documents, the majority of which are irrelevant, after receiving Royal Oaks' search terms. (Doc. 46; Doc. 58, at 11-12). The Court does not find any basis for Royal Oaks' claim that Defendants intentionally withheld incriminating evidence beyond what this Court already addressed and attempted to remedy with its February 1, 2024, Order and previous discovery conferences held in this case. (Doc. 46; Doc. 57, at 14). Accordingly, Royal Oaks' motion for sanctions as it relates to Defendants' most recent production of discoverable material is **DENIED**.

### III. CONCLUSION

Based on the foregoing Royal Oaks' Motion to Strike is **GRANTED in part** and **DENIED** in part (Doc. 49) and Royal Oaks' motion to compel and for sanctions is **DENIED in part** and **GRANTED in part** (Doc. 55). Defendants are to answer Interrogatory 10 within fourteen (14) days of this Memorandum.

An appropriate Order follows.

Dated: May 29, 2024                                     *s/ Karoline Mehalchick*
                                                        **KAROLINE MEHALCHICK**
                                                        **United States District Judge**